UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES FOOD and DRUG ADMINISTRATION, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-02558-DC-SCR<br><br><br>ORDER |

　　　　Plaintiff Mark Baker is proceeding in this action pro se. Before the Court is Plaintiff's Motion for Discovery (ECF No. 11), which is referred to the undersigned in accordance with Local Rule 302(c)(1) & (21). Opposition and reply briefs have been filed. ECF Nos. 12 & 13. The Court hereby DENIES the motion without prejudice.

　　　　The relief requested by the Motion is for Defendants "to comply with Rule 26(f) and automatically provide all discovery information for this case." ECF No. 11 at 8. Defendants respond that this action is exempted from the initial disclosure requirements as it is an action "for review on an administrative record," citing Fed. R. Civ. P. 26(a)(1)(B)(i). ECF No. 12 at 3. Defendants also contend that they should not be required to respond to discovery requests when a motion to dismiss is pending, particularly where the motion raises a jurisdictional challenge. *Id.* at 4. Defendants' motion to dismiss raises, among other issues, the question of standing. ECF No. 9. Plaintiff's reply agrees that this is an APA action and generally such actions are exempt

1

from the initial disclosure requirements of Rule 26.  ECF No. 13 at 1.

Plaintiff's motion is premature and will be denied. *See Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 739 (9th Cir. 1987) (affirming the district court's denial of discovery while a 12(b)(6) motion was pending and stating: "It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."); *see also Comm. For Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, 2009 WL 10692620, at *2 (N.D. Cal. 2009) ("Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first.").

Defendants state that if the motion to dismiss is denied, they would then anticipate filing an answer and the administrative record.  ECF No. 12 at 5.  Assuming this case proceeds beyond the motions to dismiss, and after reviewing the answer and administrative record, if Plaintiff believes additional discovery is warranted, Plaintiff could then file an appropriate motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery (ECF No. 11) is denied without prejudice.

SO ORDERED.

DATED: February 18, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE